UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HYUNDAI MOTOR AMERICA,

    Plaintiff,

vs.                              CASE NO.: 6:10-CV-1657-ORL-22KRS

AVERA MOTORS INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Hyundai Motor America ("HMA"), by and through its attorneys, for its complaint against Defendant Avera Motors Inc. ("Avera"), hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C.§ 1121 and 28 U.S.C. §§ 1331 and 1338.

2. The actions of Avera complained of in this Complaint have been and/or will be committed, at least in part, within the Middle District of Florida.

3. Upon information and belief, Avera resides, contracts to supply goods and transacts business in Florida and within this judicial district, and the tortious acts of Avera complained of in this Complaint, have been and/or will be committed within this judicial district. Accordingly, personal jurisdiction exists over Avera under the laws of the State of Florida.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## THE PARTIES

5. HMA is a corporation organized and existing under the laws of the State of California, having its principal place of business in Fountain Valley, California.

6. Upon information and belief, Avera is a corporation organized and existing under the laws of the State of Florida, having its principal place of business in Rockledge, Florida.

## NATURE OF THE ACTION

7. In this action, HMA seeks injunctive relief, lost profits, damages and attorney fees for Avera's acts of trademark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. §§ 1114 et seq., and specifically 15 U.S.C. § 1125(a), and trademark infringement, unfair competition, and related causes of action under the common law of the State of Florida.

## GENERAL ALLEGATIONS

8. HMA is engaged in the business of importing, promoting, distributing, advertising, offering for sale and/or selling, in interstate commerce, automobiles and related accessories and parts ("the Goods").

9. In connection with the Goods, HMA has adopted and has exclusively utilized the trademark "AZERA" (the "Trademark") in interstate commerce within the United States since no later than March 31, 2005 ("First Use Date") in connection with the importation, manufacture, marketing, and sale of the Goods.

2

10. HMA is the owner of U.S. Trademark Registration No. 3,038,439 for the Trademark (the "Registration"), which Registration issued on January 3, 2006 for use in connection with "automobiles and structural parts thereof" in International Class 12.

11. HMA is the owner of the Trademark for use in connection with the Goods.

12. HMA's use of its Trademark has been open, notorious, and continuous since the First Use Date.

13. Because of HMA's long, exclusive and extensive use and promotion of the Trademark, the Trademark has become distinctive and has acquired secondary meaning in the marketplace, and identifies HMA as the single source of origin of the Goods marketed and sold in connection therewith.

14. Without the authorization or consent of HMA, and after HMA began to use, and had built up extensive and valuable business and goodwill in connection with the Trademark, Avera began to use the trademark "AVERA MOTORS" (the "Infringing Mark") in interstate commerce in connection with the substantial advertising and promotion of motor vehicles to be branded and sold by Avera as AVERA motor vehicles in interstate commerce within the United States (the "Infringing Goods").

15. Avera's marketing, advertising, and promotional activities have included and continue to include, *inter alia*, posts on the automotive industry blog "Autoblog," and continuing promotion and marketing of its coming "Avera" line of automobiles on Avera's website, www.averamotors.com (the "Infringing Promotional Activities").

16. On or about December 23, 2009, Avera filed United States Trademark Application Serial No. 77900358 (the "Application") to register the Infringing Mark in International Classes 12, 35, and 37, in connection with "land vehicles and structural parts therefor," "dealerships in the field of land vehicles and automobiles," and "vehicle maintenance and repair."

16. By letter dated June 24, 2010, HMA notified Avera of HMA's objection to Avera's use of the Infringing Mark and its attempt to register the Infringing mark via its Application.

17. On July 23, 2010, HMA filed a Notice of Opposition, Opposition No. 91195788 (the "Opposition"), before the United States Trademark Trial and Appeal Board to prevent Avera from registering the Infringing Mark pursuant to the Application.

18. After HMA filed its Opposition, Avera agreed on or about September 27, 2010 to abandon the Application, and to cease its use of the Infringing Mark and transition to a new name and mark.

19. Notwithstanding Avera's agreement to cease and desist, however, Avera has since continued and refused to abate its Infringing Promotional Activities, and continued and refused to abate its use of the Infringing Mark in interstate commerce.

20. HMA is informed and believes, and on that ground alleges that Avera adopted and commenced to use the Infringing Mark in connection with the Infringing Promotional Activities with knowledge of HMA's Trademark, and with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of misappropriating and benefiting

from the good will and public recognition associated with HMA's Trademark in order to divert future sales from HMA to Avera.

21. Avera's Infringing Mark is nearly identical, and confusingly similar to HMA's Trademark in sight, sound and meaning.

22. HMA and Avera are engaged in the business of marketing, promoting and advertising the same or similar products to the same class of customers, through the same or similar channels of trade, and if Avera's activities are not stopped HMA and Avera will be providing the same or similar products to the same class of customers, through the same or similar channels of trade.

23. The aforementioned acts of Avera have caused, and will cause actual confusion and a likelihood of confusion in the minds of the trade and the public, and have damaged and will damage HMA's reputation for exclusivity in connection with its Trademark.

## COUNT I
## TRADEMARK INFRINGEMENT (LANHAM ACT § 32)

24. HMA realleges and incorporates by reference paragraphs 1 through 23 above as if set forth fully in this count.

25. As alleged previously herein above, Avera has used and intends to continue to use its Infringing Mark in connection with trafficking in the manufacture, marketing, advertising, promotion, sale and distribution of its Infringing Goods in interstate commerce,

which Infringing Mark is identified with HMA's Trademark, a federally registered trademark in the United States Patent and Trademark Office which is presently in use.

26. Upon information and belief, Avera's conduct, including the Infringing Promotional Activities, has been and will be willful, malicious, and wanton, and Avera will continue its acts of willful infringement unless enjoined by this Court.

27. HMA's Goods are goods which are and/or will be marketed, advertised, promoted, sold, and/or distributed to the same or similar classes of purchasers as Avera's Infringing Goods. Avera's conduct, including the Infringing Promotional Activities, has thus created, and will continue to create a strong likelihood of confusion, mistake, or deception. Many persons familiar with HMA's Trademark and Goods, and their favorable reputation and goodwill, are likely to mistakenly believe that Avera's Infringing Goods are sold or authorized by, or affiliated with or sponsored by HMA, and may purchase Infringing Goods as a result.

28. By virtue of Avera's conduct, as alleged herein above, Avera has infringed and is engaged in the infringement of HMA's federally registered Trademark, in violation of the Lanham Act, 15 U.S.C. §1114(1), by using a mark that is likely to cause confusion with a registered trademark, or to cause mistake, or to deceive.

29. HMA is informed and believes, and on that basis alleges that Avera has made and will make and continue to make unlawful gains and profits from such unlawful infringement and, by reason thereof, HMA has been and will be deprived of rights, profits,

and/or advantages which otherwise would have or will come to HMA but for such infringements.

30. HMA has no adequate remedy at law for the injuries alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Avera continues its wrongful conduct.

31. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining HMA's monetary damages caused by Avera's wrongful conduct, HMA is informed and believes, and on that basis alleges that said conduct has resulted in irreparable, direct and proximate damages to HMA. HMA seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

## COUNT II
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (LANHAM ACT § 43)

32. HMA realleges and incorporates by reference paragraphs 1 through 31 above as if set forth fully in this count.

33. By virtue of Avera's conduct, including the Infringing Promotional Activities, Avera has used, is using, and will commence to use a spurious mark in connection with the advertising, marketing, promotion, and sale and distribution of goods in interstate commerce, which mark is identified with the Trademark presently used by HMA.

34. HMA's Goods are goods which are and/or will be marketed, advertised, promoted, sold, and/or distributed to the same or similar classes of purchasers as Avera's Infringing Goods. Avera's conduct, including the Infringing Promotional Activities, has thus created, and will continue to create a strong likelihood of confusion, mistake, or deception. Many persons familiar with HMA's Trademark and Goods, and their favorable reputation and goodwill, are likely to mistakenly believe that Avera's Infringing Goods are sold or authorized by, or affiliated with or sponsored by HMA, and may purchase Infringing Goods as a result.

35. Avera's actions have been, are, and will continue to be willful, unfair, false and deceptive, in that they tend and will tend to mislead, deceive and confuse, and have had and will have the result of misleading, deceiving and confusing the public to believe that Avera and/or its Infringing Goods are affiliated with, and/or sponsored, authorized, or controlled by HMA.

36. Such actions as Avera's Infringing Promotional Activities, have misrepresented and do misrepresent the nature, characteristics or qualities of Avera's goods, services and/or commercial activities.

37. As a consequence, Avera has traded and is trading upon, and has gained and is gaining public acceptance and other benefits from, HMA's favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by Avera's illegal actions and conduct.

38. The actions of Avera constitute trademark infringement, false designation of origin, false representation, and unfair competition, by inducing the erroneous belief that Avera and/or its Infringing Goods are in some manner affiliated with, originate from, or are sponsored by HMA, and by misrepresenting the nature and/or origin of Avera's goods, all in violation of Lanham Act § 43(a), 15 U.S.C. §1125(a).

39. HMA is informed and believes, and on that ground alleges that Avera has made and/or will make unlawful gains and profits from its unlawful actions as alleged herein, and by reason thereof, HMA has been deprived of gains and profits which otherwise would have inured to HMA but for such unlawful actions.

40. HMA has no adequate remedy at law for the injuries alleged in this Count. The injury is intangible in nature, and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Avera continues its wrongful conduct.

41. Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to HMA caused by Avera's wrongful conduct, HMA is informed and believes, and on that ground alleges that said conduct has resulted in irreparable, direct and proximate damages to HMA. HMA seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if, when and to the extent the damages are ascertained.

## COUNT III
## COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION

42. HMA realleges and incorporates by reference paragraphs 1 through 31 above as if set forth fully in this count.

43. The actions of Avera as set forth herein constitute trademark infringement, in violation of the common law of the State of Florida.

44. HMA is informed and believes, and on that ground alleges that Avera has intentionally appropriated HMA's Trademark with the intent of causing confusion, mistake and deception as to the source of its Infringing Goods with the intent to palm-off its Infringing Goods as those of HMA, and as such Avera has committed unfair competition in violation of the common law of the State of Florida.

45. The foregoing acts of Avera have injured and/or will injury HMA, by depriving it of sales of its genuine Goods, injuring its business reputation, and by passing off Avera's Infringing Goods as HMA's genuine Goods, all in violation of the common law of the State of Florida.

46. Avera's acts have and/or will cause irreparable harm and damage to HMA, and have and/or will cause HMA monetary damage in an amount thus far not determined, for which HMA is entitled to its actual damages, Avera's profits, punitive damages, attorneys fees and costs.

47. HMA has no adequate remedy at law.

## COUNT IV
## COMMON LAW MISAPPROPRIATION

48. HMA realleges and incorporates by reference paragraphs 1 through 31 above as if set forth fully in this count.

49. HMA has invested substantial time, man-hours, resources and money in adopting, developing and using the Trademark, and the Trademark is HMA's property.

50. In committing the acts of trademark infringement and unfair competition as alleged herein, Avera has misappropriated and taken without permission HMA's property and converted it to its own use for its own benefit.

51. HMA is informed and believes, and on that ground alleges that by misappropriating and converting HMA's property, Avera has benefited and will benefit greatly and illegitimately by using its Infringing Mark to market, advertise, promote, and sell its Infringing Goods without having to make a substantial investment of its own.

52. Avera's acts constitute common-law misappropriation under the common law of the State of Florida.

53. Avera has been unjustly enriched by its acts of misappropriation.

54. The foregoing acts of Avera have injured and/or will injury HMA, by depriving it of sales of its genuine Goods and by injuring its business reputation and good will, all in violation of the common law of the State of Florida.

55. Avera's acts have and/or will cause irreparable harm and damage to HMA, and have and/or will cause HMA monetary damage in an amount thus far not determined, for

which HMA is entitled to its actual damages, Avera's profits, punitive damages, attorneys fees and costs.

56. HMA has no adequate remedy at law.

**WHEREFORE**, HMA demands judgment against Avera as follows:

A. That Avera's conduct infringes HMA's registered Trademark in violation of Lanham Act §32, 15 U.S.C. § 1114(1).

B. That Avera's conduct infringes HMA's Trademark, falsely designates the origin of Avera's goods, falsely describes such goods, and unfairly competes with HMA, all in violation of Lanham Act §43(a), 15 U.S.C. § 1125.

C. That Avera's conduct serves to infringe HMA's Trademark and unfairly compete with HMA under the common law of the State of Florida.

D. That Avera and its agents, officers, directors, servants, employees, attorneys, its successors and assigns, and all others in active concert or participation with Avera be preliminarily and permanently enjoined from directly or indirectly:

    i. Using HMA's Trademark, or any other marks which are similar to, or colorable imitations of HMA's Trademark, including, without limitation, the Infringing Mark alone or as part of or together with any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

    ii. Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of HMA's goods, including the Goods; and,

    iii. Otherwise unfairly competing with HMA or misappropriating HMA's intellectual property.

  E. That the Court issue an Order directing Avera to file with the Court and serve on HMA, within thirty (30) days after the service on Avera of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Avera has complied with the injunction.

  F. That the Court award judgment in favor of HMA for the amount of either damages sustained by HMA or the profits made by Avera as a result of Avera's wrongful conduct, whichever amount is greater, and damages in an amount necessary for HMA to conduct corrective advertising to eliminate the confusion caused by Avera's wrongful acts.

  G. That the Court award judgment in favor of HMA in the amount of treble damages.

  H. That the Court award judgment against Avera for the full costs of this action, including reasonable attorney fees.

  I. That the Court award to HMA punitive damages sufficient to deter Avera from committing such willful acts of infringement in the future.

J.    For interest on all amounts found to be due to HMA from Avera, at the prevailing rate, from the date said amounts or any part thereof became or become due.

K.    That the Court require Avera to notify its commercial associates, dealers, suppliers and customers of said Order.

L.    That the Court order such other, further and different relief as the nature of this action may require and that the Court deem just and proper.

M.    That the Court retain jurisdiction of this action for the purpose of enabling HMA to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

**TRIAL BY JURY DEMANDED**

Plaintiff hereby demands a jury trial of all issues so triable.

Dated: November 8, 2010

Respectfully submitted,

_____
W.L. KIRK, ESQUIRE
Florida Bar No. 0111973
SUZANNE BARTO HILL, ESQUIRE
Florida Bar No. 0846694
RUMBERGER, KIRK & CALDWELL, P.A.
300 South Orange Avenue, Suite 1400
Orlando, Florida 32802-1873
Telephone: (407) 872-7300
Telecopier: (407) 841-2133
E-Mail: bkirk@rumberger.com
         shill@rumberger.com
Attorneys for Plaintiff

OF COUNSEL:

ROBERT B. GOLDEN, ESQUIRE
JEFFREY M. ROLLINGS, ESQUIRE
LACKENBACH SIEGEL LLP
One Chase Road
Scarsdale, New York 10583
Telephone: (914) 723-4300
Telecopier: (914) 723-4301